HONG LING, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–74652.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Nov. 19, 2008.

Hong Ling, Temple City, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, M. Jocelyn Lopez Wright, Mona Maria Yousif, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

Hong Ling, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part, dismiss in part, and grant in part the petition for review.

■ Even if Ling filed her asylum application within one year, substantial evidence supports the IJ's adverse credibility finding. *See id.* Ling's testimony was internally inconsistent and was inconsistent with her asylum application regarding matters that go to the heart of her claim. *See Li v. Ashcroft*, 378 F.3d 959, 962–64 (9th Cir.2004). Moreover, Ling's submission of two fraudulent identity documents to support her claims further supports the IJ's adverse credibility finding. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (concluding that substantial evidence supported agency's adverse credibility determination based, in part, on submission of fraudulent documents that went to the heart of petitioner's claim); *see also Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999) (distinguishing forgeries "incidental" to a claim from those that go to the

"heart" of the claim). Accordingly, Ling's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Ling's CAT claim is based on the same testimony the IJ found not credible, and she points to no other evidence the IJ should have considered. *See id.* at 1157.

We conclude that Ling received "a full and fair hearing of [her] claims and a reasonable opportunity to present evidence on [her] behalf," and she has not shown that "the outcome of the proceeding may have been affected by the" IJ's alleged bias. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Accordingly, we deny her due process claim.

We lack jurisdiction to review the IJ's denial of Ling's request for voluntary departure. *See* 8 U.S.C. § 1229c(f).

■ Finally, it is not clear from the record that Ling received the required notice regarding the consequences of filing a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(4)(A). Therefore, we overturn the IJ's conclusion that Ling filed a frivolous asylum application.

Accordingly, Ling's petition for review is denied as to the denial of her asylum, withholding of removal and CAT claims, dismissed as to her voluntary departure claim, but granted with respect to the IJ's finding that her asylum application was frivolous.

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.